IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUEL FERNANDES, | Civil No. 3:20-cv-1958 |
| Petitioner | (Judge Mariani) |
| v. | |
| WARDEN CLAIR DOLL, | |
| Respondent | |

## MEMORANDUM

### I. Background

On October 18, 2020, Petitioner Miguel Fernandes ("Fernandes"), a native and citizen of Cape Verde, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. 1). In the petition, Fernandes requested an immediate bond hearing. (*Id.* at p. 12). At the time his petition was filed, Fernandes was detained at the York County Prison, in York, Pennsylvania.

Respondent filed a suggestion of mootness stating that Fernandes was removed from the United States on December 2, 2020. (Doc. 8). Respondent argues that the habeas petition is therefore moot. (*Id.*). In an effort to ascertain the custodial status of Fernandes, the Court accessed the ICE Online Detainee Locator System, which revealed

no matches for detainee Miguel Fernandes.[1] For the reasons set forth below, the Court will dismiss the habeas petition as moot.

## II.   Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is released from custody, the petition becomes moot because the petitioner has achieved the relief sought. *See DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005) ("[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.").

In the present case, the habeas petition challenges Fernandes' continued detention pending removal. (*See* Doc. 1). Because Fernandes has since been released from ICE custody and removed from the United States to Cape Verde, the petition no longer presents

---

[1] Upon entering Fernandes' alien registration number, A041-959-317, and his country of birth, Cape Verde, into the Online Detainee Locator System, https://locator.ice.gov/odls/homePage.do, the results returned no matches for any such detainee.

2

an existing case or controversy. See *Diaz-Cabrera*, 2011 U.S. Dist. LEXIS 124195 at *2-4. Further, Fernandes has received the relief he sought, namely, to be released from ICE custody. See *Sanchez v. AG*, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released). Consequently, the instant habeas petition will be dismissed as moot. See *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

A separate Order shall issue.

                                                                                                           /s/ Robert D. Mariani
                                                                                                           Robert D. Mariani
                                                                                                           United States District Judge

Dated: December 4, 2020